CHARLES R. HANNAN, APPELLEE, V. CATHERINE RIHNER ET
AL., APPELLANTS.

FILED JANUARY 8, 1908.   No. 15,041.

Mortgages: FORECLOSURE: ESTOPPEL.  When, in an action to set aside
a conveyance of land as having been fraudulently procured, the
plaintiff obtains a decree in his favor by means of a compromise
and settlement, in which he agrees to pay and discharge a mort-
gage upon the premises executed by his fraudulent grantee, he
is not entitled to object, in a subsequent action to foreclose that
mortgage, that the same is for a sum in excess of the just in-
debtedness of the mortgagor to the mortgagee, or that prior to
the settlement the mortgagee might have obtained a partial satis-
faction from a source other than the land.

APPEAL from the district court for Sarpy county:
GEORGE A. DAY, JUDGE.  *Affirmed.*

*Charles Battelle* and *J. J. Hess*, for appellants.

*Will H. Thompson, contra.*

AMES, C.

In October, 1904, one Peter B. Jacobs obtained from one
Samuel Rihner a conveyance of a tract of land in Sarpy
county in this state, upon which he afterwards executed
a mortgage as security for an indebtedness to the plaintiff
in this action for the sum of $2,100 represented by a note
given by Jacobs to the plaintiff for that amount.  Still
subsequently, the heirs at law of Rihner, in an action be-
gun by him, procured a decree setting aside the conveyance
as having been fraudulently obtained and quieting the title
in themselves.  To that proceeding the plaintiff in this
action, which is for the foreclosure of that mortgage, was
not a party, but the decree above mentioned was entered
upon a compromise and settlement by which the plaintiffs
therein promised to assume and pay the mortgage indebted-
ness now in suit.  It is now contended that the instruments
in suit were given in whole or in part in consideration of a

former indebtedness on account of which Jacobs did not obtain credits, aggregating $40, to which he was entitled, and that prior to the entry of said decree the plaintiff had a lien on a fund belonging to Jacobs, and amounting to $236.50, which he was entitled to appropriate toward the payment of the debt now in suit, but that he negligently or wrongfully omitted to make such appropriation. The trial court declined to allow these items, or any of them, as credits upon or in reduction of the mortgage debt, and rendered a decree of foreclosure for the full amount of the latter with interest. The defendants appealed.

We think the trial court did not err. The compromise and settlement of the former litigation, resulting in a decree quieting the title of the plaintiffs (defendants herein), was a sufficient consideration for their promise to pay the obligation now in suit, and whether that obligation is just as against Jacobs, or whether the payment then made will be in whole or in part for his use or benefit, is a matter in which they have no concern. Neither the one case nor the other would absolve them from their own agreement, which was, in effect, to discharge the lien of the mortgage according to its terms.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.